UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST KECKLER,

        Petitioner,

v.

SHAWN BREWER,

        Respondent.

                              /

Case No. 2:17-cv-11271

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER
DENYING PETITIONER'S HABEAS PETITION,
DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

On April 21, 2017, Petitioner Ernest Keckler filed his pro se petition for a writ of habeas corpus. ECF 1. Keckler challenges his conviction for owning or possessing a place or area used to manufacture methamphetamine. Keckler raises two claims: (1) his attorney's ineffectiveness coerced his guilty plea, and (2) he is entitled to resentencing. Respondent maintains that Keckler's claims are meritless. For the reasons below, the Court will deny Keckler habeas corpus relief and will deny him a certificate of appealability.

**BACKGROUND**

On July 26, 2014, Keckler was charged in Kalamazoo County Circuit Court with owning or possessing a place or area used to manufacture methamphetamine, in violation of Mich. Comp. Laws § 333.7401c(2)(f), and being a fourth habitual offender, in violation of Mich. Comp. Laws § 769.12. *See* ECF 9-1, PgID 107. On October 3, 2014, Keckler pleaded guilty to the methamphetamine-related charge and

1

the prosecutor dismissed the habitual offender charge. ECF 9-2, PgID 114. The parties further agreed to depart from the guidelines and provide Keckler with a minimum sentence of four years in exchange for his cooperation in the prosecution of several codefendants, truthful testimony at hearings, and compliance with all bond conditions (such as court-ordered events and refraining from drug use). *Id.* at 115.

On April 13, 2015, during the sentencing hearing, the state trial court determined that Keckler failed to comply with bond conditions by testing positive multiple times for methamphetamine and failed to appear for court proceedings. ECF 9-3, PgID 129–30. The trial court sentenced Keckler to six to twenty years' imprisonment. *Id.* at 131.

Keckler filed a motion to withdraw his plea or for resentencing. *See* ECF 9-4 (transcript of motion hearing). The trial court denied his motion. *Id.* at 140.

On January 22, 2016, the Michigan Court of Appeals denied Keckler's delayed application for leave to appeal "for lack of merit in the grounds presented." ECF 9-5, PgID 141. On September 6, 2016, the Michigan Supreme Court also denied leave to appeal. *People v. Keckler*, 500 Mich. 855 (2016); *see also* ECF 9-6, PgID 172.

On April 21, 2017, Keckler filed his habeas corpus petition raising two claims: (1) he was coerced into pleading guilty because of his attorney's ineffectiveness, and (2) he is entitled to resentencing because the sentencing guidelines are no longer mandatory. ECF 1, PgID 2.

**STANDARD OF REVIEW**

The Court may not grant habeas relief to a state prisoner unless his claims were adjudicated on the merits and the state court adjudication was "contrary to" or

resulted in an "unreasonable application of" clearly established Supreme Court law. 28 U.S.C. § 2254(d)(1).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent." *Mitchell v. Esparza*, 540 U.S. 12, 15–16 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)).

The state court unreasonably applies Supreme Court precedent not when its application of precedent is merely "incorrect or erroneous" but when its application of precedent is "objectively unreasonable." *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003) (internal citations omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 654 (2004)).

A federal court reviews only whether a state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Greene v. Fisher*, 565 U.S. 34, 38 (2011). A state court need not cite to or be aware of Supreme Court cases, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). Decisions by lower federal courts "may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d

3

488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)).

Finally, a federal habeas court presumes the correctness of state court factual determinations. *See* 28 U.S.C. § 2254(e)(1). A petitioner may successfully rebut the presumption only by clear and convincing evidence. *Id.*

## DISCUSSION

I.  <u>Voluntariness of Plea</u>

Keckler's first claim concerns the voluntariness of his plea. He claims that his guilty plea was involuntary because his attorney's ineffectiveness resulted in an increased sentence.

To be valid, a guilty plea must be voluntarily and intelligently made. *Brady v. United States*, 397 U.S. 742, 748 (1970). The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748. The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749. A "plea of guilty entered by one fully aware of the direct consequences" of the plea is voluntary in a constitutional sense, and the mere fact that the defendant "did not correctly assess every relevant factor entering into his decision" does not mean that the decision was not intelligent. *Id.* at 755, 757 (quotation omitted).

To show a violation of the Sixth Amendment right to effective assistance of counsel, a petitioner must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In guilty plea cases, the "performance" prong requires showing

4

that defense counsel's representation fell below an objective standard of reasonableness or was outside the range of competence demanded of attorneys in criminal cases. *Hill v. Lockhart*, 474 U.S. 52, 56–59 (1985). The "prejudice" prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59. The petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

Keckler argues that his attorney's failure to communicate with him forced him to plead guilty, but the communication problems he cites occurred after he entered his guilty plea. Specifically, Keckler alleges that, following entry of the plea, his defense attorney failed to notify him when sentencing would occur. Keckler, therefore, did not appear for the sentencing hearing and lost the benefit of the agreed-upon downward departure from the sentencing guidelines. He further argues that, because his defense attorney utilized substitute counsel at the sentencing hearing, Keckler was unable to show the court that his failure to appear was his attorney's fault.[1] ECF 1, PgID 8.

In a one-sentence order, the Michigan Court of Appeals denied Keckler's claim "for lack of merit in the grounds presented." *See* ECF 9-5, PgID 141. Despite its

---

[1] Petitioner seeks an evidentiary hearing on his ineffective assistance of counsel claim. When a state court has decided a claim on the merits, the Court may not conduct an evidentiary hearing to supplement the state court record. *Cullen v. Pinholster*, 563 U.S. 170, 185–86 (2011). The Michigan Court of Appeals adjudicated Petitioner's claims on the merits. *See* ECF 9-5, PgID 141 (denying application for leave to appeal "for lack of merit in the grounds presented"). Therefore, the Court may not grant an evidentiary hearing to take new evidence.

5

brevity, the state court's summary denial of Keckler's claim is entitled to deference under § 2254(d). When a state court denies a claim on the merits without explanation, "a habeas court must determine what arguments or theories . . . could have supported[] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with [Supreme Court precedent]." *Harrington*, 562 U.S. at 102. Accordingly, the Court must consider whether a reasonable argument consistent with established Supreme Court precedent could support the state court decision summarily rejecting Keckler's claim.

Before accepting the plea, the trial court engaged in a colloquy with Keckler. *See* ECF 9-2, PgID 116–19. The trial court advised Keckler of the rights he was giving up by pleading no contest; advised him of the terms of the plea agreement; ascertained that no promises, other than those encompassed in the plea agreement, had been made; and determined that no one had threatened him to force him to enter the plea. *Id.* The state trial court also warned Keckler multiple times that if he tested positive for drugs, the court would sentence him to the minimum guidelines range of six years rather than the four years agreed upon in the sentence agreement. *Id.* at 120. Keckler represented that he understood the terms of the plea agreement and the court's admonitions. *See generally* ECF 9-2, PgID 116–19.

At the sentencing hearing, the trial court held that Keckler did not comply with the bond conditions because he continued to test positive for methamphetamine and failed to appear for an earlier court proceeding. Keckler argued that his attorney

6

failed to advise him about court dates but did not dispute his positive drug tests. *See generally* ECF 9-3.

Keckler fails to show that the state court's rejection of his ineffective assistance of counsel claim was contrary to or an unreasonable application of Supreme Court precedent. First, in denying Petitioner's motion to withdraw his plea, the trial court observed that Petitioner understood the terms of the plea agreement and that Petitioner's plea was knowingly and voluntarily entered. ECF 9-4, PgID 136. The record supports the conclusion. There is no evidence that Petitioner was pressured into entering a plea or that he did not understand the consequences of his plea.

Second, counsel's alleged failure to advise Keckler when he needed to appear for sentencing occurred after Keckler entered his plea. Consequently, Keckler was not coerced to enter a plea by conduct that occurred after his plea. Finally, Keckler fails to show that his attorney's conduct resulted in an increased sentence. The record shows that the trial court advised Keckler during the plea hearing that the agreement hinged on Keckler's compliance with the terms of his bond. Keckler failed to comply with the bond terms when he repeatedly tested positive for drugs. Based on this failure, the trial court imposed a sentence in excess of the sentence agreement. The Court denies habeas relief on this claim.

II. Sentencing Claim

In his second claim, Keckler argues that his sentence is unconstitutional because the trial court violated its duty to impose an individualized sentence proportionate to the offense and the offender. He further argues that the trial court

7

imposed its sentence based on inaccurate information when it failed to consider mitigating factors. Finally, he maintains that defense counsel was ineffective in failing to present the mitigating factors and failing to advise the court that Keckler's failure to appear at an earlier proceeding was counsel's responsibility.

Generally, a non-capital sentence that falls within statutory limits is not grounds for habeas relief. *Townsend v. Burke*, 334 U.S. 736, 741 (1948). There is no constitutional right to individualized sentencing, and there is not a constitutional requirement that a sentencing court consider mitigating evidence. *Hynes v. Birkett*, 526 F. App'x 515, 521–22 (6th Cir. 2013). Thus, Keckler's claims about his sentence's lack of individualization and the trial court's failure to consider mitigating factors are not cognizable on habeas review.

Keckler's claim that his sentence is disproportionate is also meritless. "The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (quoting *Solem v. Helm*, 463 U.S. 277, 288 (1983)). Courts reviewing Eighth Amendment sentencing proportionality must remain highly deferential to the legislatures in determining the appropriate punishments for crimes. *United States v. Layne*, 324 F.3d 464, 473–74 (6th Cir. 2003) (citing *Harmelin*, 501 U.S. at 999). The Sixth Circuit's narrow-proportionality principle recognizes that "only an extreme disparity between crime and sentence offends the Eighth Amendment." *Cowherd v. Million*, 260 F. App'x 781,

785 (6th Cir. 2008) (quoting *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000)).

Petitioner's sentence was not grossly disproportionate or excessive. The maximum sentence of twenty years did not exceed the statutory maximum. The minimum sentence accorded with the sentencing guidelines and was based on Keckler's failure to comply with the terms of his bond.

Finally, the Court finds meritless Keckler's claim that his attorney was ineffective in failing to present mitigating evidence and in failing to concede that Keckler's previous failure to appear was the fault of counsel. The sentencing transcript shows that defense counsel argued for leniency based on Keckler's drug addiction and the need for drug treatment rather than imprisonment. In addition, as discussed above, Keckler's increased minimum sentence was based on his own failed drug tests, which were neither defense counsel's fault nor his responsibility. Based on this record, the Court finds that the state court's rejection of Keckler's sentencing claim was not contrary to or an unreasonable application of Supreme Court precedent.

III.   Certificate of Appealability and In Forma Pauperis Status on Appeal

To appeal the Court's decision, Keckler must obtain a certificate of appealability. To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate the denial of a constitutional right, Keckler must show that reasonable jurists could debate whether the petition should have been resolved in a different

manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

Here, jurists of reason would not debate the Court's denial of Keckler's claims. The Court therefore denies him a certificate of appealability.

Moreover, the Court will deny Keckler permission to appeal in forma pauperis because an appeal of this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Petitioner's habeas petition is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that permission to appeal in forma pauperis is **DENIED**.

**SO ORDERED**.

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: April 10, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 10, 2019, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager